SUMMONS ISSUED

JAMES M. MALONEY (JM-5297)
Attorney for Plaintiff
33 Bayview Avenue
Port Washington, New York 11050
Telephone: (516) 767-1395
Email: maritimelaw@nyu.edu

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

**DEC 1 5 2010** ★

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV10 - 5823**

-------------------------------------------------------------------X

LOGISTICS PAN-AMERICA CORP.,

                  Plaintiff,

      - against -

GOLDEN LEAVES TRADING INC.,

              Defendant.

**COMPLAINT**

**AMON, J.**

**GO, M.J.**

-------------------------------------------------------------------X

    Plaintiff, LOGISTICS PAN-AMERICA CORP., by its attorney, James M. Maloney, as and for its complaint against GOLDEN LEAVES TRADING INC., declares and alleges upon information and belief as follows:

## JURISDICTION AND VENUE

    1. This is an admiralty and/or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is provided by 28 U.S.C. § 1333.

    2. Venue is properly placed in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) based on the residence of the Defendant.

-1-

## PARTIES

3. At the commencement of this action and at all times hereinafter mentioned, Plaintiff, LOGISTICS PAN-AMERICA CORP., was and is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York and with an office and place of business at 177-25 Rockaway Blvd., Jamaica, New York 11434, within the County of Queens and within this District.

4. At the commencement of this action and at all times hereinafter mentioned, Defendant, GOLDEN LEAVES TRADING INC., was and is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York and with an office and place of business at 43 Hall Street, Brooklyn, New York 11205, within the County of Kings and within this District.

## GENERAL ALLEGATIONS

5. In or about February 2010, Defendant, as consignee, contracted with Plaintiff, as non-vessel-operating common carrier (NVOCC), for the shipment of two ocean containers of garments from Yiantian, China, to the Port of New York (Maher Terminal).

6. Said shipment consisted of 1,574 cartons of garments stowed in container number DFSU3514922, master bill of lading number CHHKYTNNYC104285, house bill of lading number ELSZ2010001724, and of 1,165 cartons of garments stowed in container number CCLU9914380, master bill of lading number CHHKYTNNYC104286, house bill of lading number ELSZ2010001727.

7. The agreed freight for the each container of goods was $4,515.00, for a total due to Plaintiff upon delivery to Defendant of $9,030.00

-2-

8. The two containers were loaded aboard the vessel ITAL MILIONE on or about February 22, 2010, discharged at the Port of New York (Maher Terminal) on or about March 18, 2010, and delivered, in good order and without damage or loss to their contents, into the custody and care of Defendant on or about March 18, 2010, upon Defendant's tender of the house bills of lading and payment by check numbered 4037 drawn on Defendant's account held at J.P. Morgan Chase Bank, N.A. in the amount of $9,030.00 and purporting to be payment in full for the freight owed to Plaintiff.

9. Had Defendant not presented payment in the amount of $9,030.00 for the freight owed to Plaintiff, Plaintiff would not have made the house bills of lading available to Defendant and would not have allowed the two containers and their cargo to have been released.

10. Defendant's check numbered 4037 drawn on Defendant's account held at J.P. Morgan Chase Bank, N.A. in the amount of $9,030.00, purporting to be payment in full for the freight owed to Plaintiff, was subsequently dishonored due to insufficient funds.

11. Plaintiff has incurred additional bank charges in the amount of $50.00 as a result of Defendant's check numbered 4037 having been dishonored due to insufficient funds.

12. Plaintiff has never been paid the $9,030.00 for the freight owed by Defendant, nor has Plaintiff been reimbursed by Defendant for the additional bank charges in the amount of $50.00 charged to Plaintiff as a result of the dishonored check, although demand was duly made for both.

## FIRST CAUSE OF ACTION

13. Plaintiff repeats and realleges each and every allegation set forth in the foregoing

-3-

paragraphs 1 through 12 as if fully set forth herein.

14. Plaintiff has performed fully under the contract of carriage, but Defendant has breached the duty to pay freight and has caused additional damages.

15. Plaintiff seeks actual damages in the amount of $9,080.00, plus interest, costs and attorneys' fees, in connection with this First Cause of Action.

## SECOND CAUSE OF ACTION

16. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 12 as if fully set forth herein.

17. Defendant knowingly and willfully tendered check numbered 4037, drawn on Defendant's account held at J.P. Morgan Chase Bank, N.A. in the amount of $9,030.00, purporting to be payment in full for the freight owed to Plaintiff, knowing with substantial certainty that it would subsequently be dishonored due to insufficient funds, in order to secure release of the cargo.

18. The foregoing acts complained of in this Second Cause of Action are the pleaded as the basis for a claim of fraud within the meaning of Rule 9(b) of the Federal Rules of Civil Procedure.

19. Plaintiff seeks actual damages in the amount of $9,080.00, plus punitive damages in the amount of $27,240.00, plus interest, costs and attorneys' fees, in connection with this Second Cause of Action.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

(1) assume jurisdiction over this action;

(2) award Plaintiff compensatory damages as hereinbefore enumerated;

(3) award Plaintiff punitive damages as hereinbefore enumerated; and

(4) award Plaintiff reasonable attorney's fees, reasonable expert witness fees, and other costs of bringing and maintaining this action.

Plaintiff additionally prays for such other, further, and different relief as this Court may deem just and proper.

Dated:      December 15, 2010
               Port Washington, New York

JAMES M. MALONEY (JM-5297)
Attorney for Plaintiff
LOGISTICS PAN-AMERICA CORP.
33 Bayview Avenue
Port Washington, New York 11050
(516) 767-1395